Travers, J.
INTRODUCTION
The Plaintiffs, Jerilyn Hogan and Kenneth Hogan (Plaintiffs) filed this motion to strike and for sanctions on July 11, 1997. This motion is the second in a series of motions[3] from the parties in this matter. Through this motion, the Plaintiffs seek to strike the Defendants’ responses and objections produced to the request for production of documents as waived due to the untimely response, find the Defendant, Metropolitan Property and Casualty Insurance Company (MPC), in contempt for the delay in responding to the request for production of documents, and sanction the Defendants for the delay.
For the following reasons, the Plaintiffs’ motions are ALLOWED in part and DENIED in part.
BACKGROUND
The relevant facts are as follows. On October 19, 1996, the Plaintiffs filed the complaint in this matter. On or about November 20, 1996, the Defendants were served with a package of documents. The package consisted of the Complaint and discovery requests[4] for MPC. Only the Complaint was sent to counsel in December 1996. Apparently, no action was taken at that time to respond to the discovery requests.
The Defendants indicate that the Defendants’ counsel, June A. Harris, Esq. (Attorney Harris), repeatedly requested that the Plaintiffs’ counsel, Terance Perry, Esq. (Attorney Perry) forward copies of the discovery requests, as Attorney Harris did not receive the discovery documents when she received the Complaint from her clients. Attorney Harris contends that Attorney Perry repeatedly refused to supply the requested copies, and did not contact Attorney Harris about the requested documents before sending the subpoena.[5] In fact, it is contended that Attorney Peny refused to conference the pending discovery issues in accordance with Superior Court Rule 9C.[6]
On March 24, 1997, the Defendants were granted leave to respond to Plaintiffs’ request for admissions.[7] There was no indication that the Defendants sought leave to file responses to the other discovery requests.
Having received no other response, the Plaintiffs, on May 20, 1997 served the Defendant MPC’s Keeper of the Records with a subpoena to produce documents identical to those set forth in the request served upon the Defendants in November 1996. The deposition was scheduled for June 20, 1997. Despite the nearly seven-month delay, the Plaintiffs did not attempt to compel production by motion prior to sending the subpoena.
Conversations took place between the attorneys, the substance of which is not known, and on Friday, June 20, 1997, Attorney Harris faxed an eleventh-hour letter to Attorney Perry indicating that neither herself nor the Keeper of Records of MPC would appear for the deposition on Monday, June 23, 1997. Also on June 20, 1997, the Defendants delivered to the Plaintiffs copies of the requested documents to which the Defendants did not object, and further made available for inspection documents which were too voluminous to photocopy.
Despite the delivery of requested documents and notice that the Keeper of the Records would not appear *719 for the deposition, the Plaintiffs apparently carried on as if the deposition would occur, and allowed the stenographer to appear, thereby incurring a stenographer’s expense.
It is these events which culminated in the three motions now pending before this Court.[8] A hearing on all three motions was held on October 10, 1997.
DISCUSSION
1.Motion to Strike Responses and Objections Pursuant to Mass.R.Civ.P. 12(f)
. The Plaintiffs contend that because the Defendants filed their discovery responses nearly seven months late, the Defendants thereby waived their right to object to the requests. In support of this argument, the Plaintiffs point to decisions interpreting analogous rules from the Federal Rules of Civil Procedure.
While the Plaintiffs are correct in asserting that Massachusetts looks to federal decisions when exploring unchartered areas of law, this Court will not adopt the stringent federal standard that the failure to respond in a timely fashion to discovery requests results in a waiver of the right to object to such requests. Rather, it is appropriate that we consider the circumstances in each such situation in fashioning a remedy.
The trial judge has wide discretion in determining the conduct and scope of discoveiy. See, Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987); GTE Products Corp. v. Stewart, 414 Mass. 721, 725 (1993). The purpose of the discovery rules is “to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify, and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial. In this way it was sought to put an end to the ‘sporting theoiy of justice,’ by which the result depends on the fortuitous availability of evidence or the skill and strategy of counsel.” GTE Products Corp., 414 Mass. at 725, quoting, 8 C.A. Wright and A.R. Miller, Federal Practice & Procedure §2001, at 17-19 (1970).
By adopting the standards of the federal court, any party seeking to file discovery responses outside the time permitted under the Rules would be required to forego their right to raise otherwise valid objections. Tbds is a severe and onerous result in cases where the delay was caused by events outside the control of counsel or the parties. The history of the present case indicates that MPC and Attorney Harris were not totally at fault in filing the responses late; rather, the discovery process may have been completed expeditiously had Attorney Perry agreed to forward copies of the discovery requests to Attorney Harris.
For the foregoing reasons, the Plaintiffs’ Motion to Strike the responses and objections must be denied.
2.Motion for Contempt Pursuant to Mass.R.Civ.P. 45(f)
As noted in the Background, on June 20, 1997, the Defendants served upon the Plaintiffs a response to the production of documents, and notified the Plaintiffs that the Defendant, MPC’s Keeper of the Records, would not appear for the deposition on June 23, 1997. The documents requested by the Keeper of the Records and MPC are identical, and the response to MPC’s request was served with notice prior to the deposition date. Contempt may in some situations be an appropriate remedy, however, this is not one.
3.Motion for Sanctions Pursuant to Mass.R.Civ.P. 11, 37 and 45(f)
The Plaintiffs seek the imposition of sanctions against the Defendant, MPC, pursuant to Rules 11, 37 and 45(f). In support of this motion, the Plaintiffs allege that the Defendant’s failure to promptly comply with discovery requests resulted in the service of a subpoena on the Keeper of the Records for the Defendant, MPC, and the expenses of a constable and a stenographer.
Despite the nearly seven-month delay and lack of compliance on the part of the Defendant, there is veiy little evidence of monetary loss to the Plaintiffs.[9] The only item that appears to be adequately documented is the constable’s fee for service of the subpoena. Because of that, and the candid acknowledgement by Attorney Harris during argument that the Defendant client failed to forward to counsel the pending discovery requests, this Court assesses sanctions against the Defendant in the amount of Three Hundred Sixty-Nine ($369.00) Dollars.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiffs’ Motion to Strike Defendant’s, Metropolitan Property and Casualty Insurance Company’s Response and Objections to Plaintiffs, Jerilyn Hogan’s Request for Production of Documents Pursuant to Mass.R.Civ.P. 12(f) is DENIED.
It is further ORDERED that the Plaintiffs’ Motion for Contempt Pursuant to Mass.R.Civ.P. 45(f) is DENIED.
It is further ORDERED that the Plaintiffs’ Motion for Sanctions Pursuant to Mass.R.Civ.P. 11, 37 and 45(f) is ALLOWED, and accordingly, sanctions be imposed against the Defendant, Metropolitan Property and Casualty Insurance Company in the amount of Three Hundred Sixty-Nine ($369.00) Dollars.

 The first motion, Defendants, Metropolitan Property and Casualty Insurance Company and Laurie Marshall (Defendants) Motion for a Protective Order, was filed on July 2, 1997. That motion is not addressed in this Memorandum of Decision and Order, as the Court is presently awaiting supplemental memoranda from the parties. Similarly, the third motion, Plaintiffs Motion to Quash, For a Protective Order and For Sanctions, is not addressed in this Memorandum.

 Included in the discovery was a request for production of documents, a request for admissions, and a notice of taking of deposition.

 Once again, there is evidence that counsel for the parties have greater animosity for each other than do their clients. The Defendant’s Memorandum in Opposition to this motion contends that when Attorney Harris did try to speak with Attorney Perry regarding the document requests, Attorney Perry would hang up on Attorney Harris and would refuse to conference the issues in accordance with Superior Court Rule 9C.

 Attorney Perry’s affidavit filed with this motion, while setting forth a list of courts to which he claims to be in good standing, does not state that he attempted in any fashion to comply with Rule 9C. This Court will not allow an inference that because he is in good standing, Attorney Perry took measures to settle these discovery issues outside of this Court. Rather, the history of this case indicates to the contrary.

 In one of many examples demonstrating the inability of counsel to cooperate with each other, the Defendants requested that the Plaintiff allow an extension to file the response to admissions, which the Plaintiff refused. However, the Plaintiff did not file any opposition to the Motion for Leave to Respond to Plaintiffs Request for Admissions.

 The Court notes parenthetically its disappointment with the behavior of both counsel in this case. It is clear that had Attorneys Perry and Harris made good-faith efforts to cooperate with each other from the inception, the seven-month delay in filing the responses may have been avoided. However, because counsel both appear to hold animosity for each other, what should be a simple discovery stipulation is now a series of motions marked by hostility. The current opinion of the legal profession is not so outstanding that attorneys can afford to behave with such antagonism.

 Attorney Perry submitted an affidavit detailing attorneys fees for the defense of the Defendant’s Motion for a Protective Order. There are no fees detailed for time spent attempting to compel discovery prior to the motion, nor is the stenographer’s fee substantiated by an invoice or receipt.